**ZORWITZ v. OKIN et al.**
Civ. No. 13784.

United States District Court
E. D. New York.
May 10, 1954.

James G. Moore, Garden City, N. Y., for plaintiff by Emerson A. Swartz, Garden City, N. Y., for the motion.

Mallin & Gross, New York City, for defendants by Max Berey, New York City, in opposition.

RAYFIEL, District Judge.

The plaintiff moves herein for summary judgment, or, in the alternative, for judgment on the pleadings, dismissing the counterclaims alleged in paragraphs numbered 10, 11 and 12 of the answer of the defendant, Benjamin Okin.

The plaintiff, as trustee in bankruptcy, sues herein to set aside certain allegedly fraudulent conveyances and to recover certain payments to defendants claimed to have been preferential.

The aforementioned counterclaims and setoffs aggregate $121,577.63. The first alleges that the plaintiff owes the defendant Okin the sum of $30,100 for moneys loaned by him to the bankrupt; the second alleges that the plaintiff owes the defendant Okin the sum of $41,477.63, the amount Okin was obliged, as guarantor of the bankrupt, to pay to the Meadow Brook National Bank because of the bankrupt's default, and the third alleges that the plaintiff owes the defendant Okin the sum of $50,000 the amount

required to be paid by Okin to Travelers Indemnity Insurance Company, as indemnitor of the bankrupt, by reason of the latter's default.

The plaintiff contends (1) that the counterclaims are enforceable only in the bankruptcy proceedings, and that since the defendant Okin has failed to file claims therefor in the Bankruptcy proceeding within the time specified by statute he may not now seek to enforce them in the plenary suit, and (2) that they fail to state claims on which relief can be granted in this proceeding. The plaintiff also contends that under section 57, sub. g of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. g the claims alleged therein can be allowed only if the defendant Okin first surrenders the allegedly preferential payments and the property, the conveyance of which the plaintiff seeks herein to set aside.

■■ It is elementary that in motions for judgment on the pleadings the pleading under attack must be read in the light most favorable to the party asserting it, and that motions for summary judgment will be granted only where there are no issues of fact to be determined at the trial. Does the plaintiff's motion meet these tests?

■ Considering first the plaintiff's contention that the counterclaims and setoffs are outlawed by reason of the fact that they have not been opportunely filed in the Bankruptcy proceeding, Collier on Bankruptcy, 14th Edition, Volume 4, page 741, has this to say on the subject after quoting section 68, sub. b(1) of the Bankruptcy Act, 11 U.S.C.A. § 108, sub. b(1). "This addition effected no change in the settled case law regarding the provability and allowability of claims asserted as setoffs, previously stated, except insofar as section 57g was expanded by the 1938 Act. *Therefore claims which have not been proved, or which have not been filed in time for proof and allowance may still be used as setoffs*. But the claims of creditors who have received or acquired preferences, liens, conveyances, transfers, assignments or encumbrances void or voidable under the Act are not allowable under Section 57g and consequently are unavailable as setoffs unless the preference, lien or other transfer is surrendered as therein provided." (Emphasis added.)

It would appear, therefore, that this contention of the plaintiff is not well taken, and that the counterclaims and setoffs may be asserted in the plenary suit in spite of the fact that no claims therefor were filed in the Bankruptcy proceeding, and the time to do so has expired.

■ Considering next the plaintiff's contention that the counterclaims and setoffs are not allowable under Section 57, sub. g of the Bankruptcy Act, 11 U.S.C.A. § 93 sub. g, which provides that "The claims of creditors who have received or acquired preferences, liens, conveyances, * * * void or voidable under this title, shall not be allowed unless such creditors shall surrender such preferences, liens, conveyances, transfers, assignments, or encumbrances."

The plaintiff argues that under that section the counterclaims and setoffs may not even be *asserted* in the answer unless the defendant turns over to the trustee all of the property demanded in the complaint. I do not believe that is the purport of the section. The plaintiff has the burden of proving that the payments were preferential and the transfers fraudulent, as alleged in the complaint. Only if he shall have met that burden will the trial judge require the defendant to surrender the money and property as a condition precedent to the assertion of a counterclaim or setoff. To hold otherwise would permit a trustee, by the mere *assertion* of a claim of preferential payment, to prevent the *filing* of a claim in a bankruptcy proceeding or the *interposition* of a setoff in a plenary suit unless the claimant surrender to the trustee the amount of the alleged preferential payment which might be considerably more than he can pay. The Trustee in the instant case takes the position that the setoffs and counterclaims should be stricken from the answer unless the defendant Okin pay to the Trustee upwards of

$675,965. Section 57, sub. g of the Bankruptcy Act speaks of the *allowance* of claims, not the mere *filing* or pleading thereof.

I have given considerations to the other arguments advanced by the plaintiff in his brief and find them without merit.

Accordingly, the motion is in all respects denied.